In the Matter of SOLOMON COHN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, February 14, 1974.

*John G. Bonomi* of counsel (*Michael Ambrosio* with him on the brief), for petitioner.

*Solomon Cohn,* respondent in person.

*Per Curiam.* Respondent was admitted to the Bar in the Second Judicial Department on April 17, 1940. On March 9, 1972, he pleaded guilty to the crime of solicitation of business on behalf of an attorney, a misdemeanor, and was sentenced to an unconditional discharge. On the basis of respondent's admission of guilt, the Referee sustained the charge.

Respondent candidly admits to having solicited business at the Criminal Court by sauntering through its courtrooms and corridors making it known that he was a competent criminal law practitioner. In such endeavor, he was assisted, from time to time, by a Spanish-speaking interpreter who also recommended clients. Respondent paid this " assistant " nominal sums on occasion, but claims it was solely for such translating services. This method of obtaining business was apparently brought to the attention of the authorities because respondent was soon approached by an undercover officer who furnished a prospective client, for which service respondent agreed to, and did, pay him a nominal fee.

It appears that respondent co-operated fully with the District Attorney and readily admitted his guilt to the court and to the Referee. In further mitigation, respondent calls attention to his prior unblemished record and his failure to raise any spurious defense. He is now 60 years of age, married for some 27 years and the father of two children. During World War II respondent served in the armed forces overseas and was discharged with the rank of Captain. After the war respondent

devoted his time to a card and bookstore business. In 1960 he decided to return to the active practice of the law. Before engaging in private practice he worked as a volunteer for, and then as a staff member of, the Legal Aid Society. At the hearing several character witnesses appeared in his behalf.

We cannot, of course, condone respondent's unprofessional conduct. However, after giving due consideration to all the circumstances here involved, including respondent's expressions of self-reproach and the humiliation he has already suffered, we believe leniency to be warranted in this instance. Accordingly, the respondent should be censured. (*Matter of Entes*, 39 A D 2d 182.)

NUNEZ, J. P., KUPFERMAN, MURPHY, STEUER and LANE, JJ., concur.

Respondent censured.